[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTIONS TO DISMISS
The plaintiffs in this case are Capitol Region Conference of Churches, Donald Rettmann, Anthony Zimmitti, United Auto Workers Union Region 9A, Citizens for Economic Opportunity of West Hartford, Shannon Wegele, Benjamin Wenograd, Rosie Stanko, Robert Cerritelli, Connecticut Citizens Action Group of West Hartford, and AFL-CIO of Rocky Hill.
The plaintiffs appeal the decision of the defendant insurance department approving the acquisition of the defendant Aetna Casualty and Surety Company and the defendant Standard Fire Insurance Company (hereinafter referred to as Aetna subsidiaries) by the defendant Travelers Insurance Group, Inc. The Aetna subsidiaries were at that time wholly owned subsidiaries of Aetna Life and Casualty Insurance Company (Aetna parents). The insurance department acted pursuant to General Statutes § 38a-132. The plaintiffs appeal pursuant to § 38a-139. The plaintiffs assert different grounds for appeal, based on their various connections to the defendant insurance companies. Presently before the court are the defendants' CT Page 7974 motions to dismiss on the basis that none of the plaintiffs have standing to appeal. The court finds the issues in favor of the defendants.
On December 18, 1995, the Travelers filed an application with the department pursuant to General Statutes § 38a-130 requesting approval of its proposed acquisition of the Aetna subsidiaries. Specifically, the Travelers proposed to purchase for cash all of the issued and outstanding shares of stock of those companies from the Aetna parent company.
Pursuant to General Statutes § 38a-132, the insurance commissioner commenced a public hearing on March 6, 1996. The commissioner denied several motions filed on behalf of individuals and organizations, including these plaintiffs, to intervene as parties and also denied a motion that he recuse himself from participation in the public hearing. On March 13, 1996, the commissioner reconsidered his ruling on the motion to recuse and did recuse himself from continuing to sit on the proceeding. Thereafter, the deputy insurance commissioner conducted the hearing.
Following the hearing, in a memorandum of decision issued April 1, 1996, the deputy commissioner found that the proposed acquisition satisfied the requirements of General Statutes § 38a-132 and approved the acquisition, subject to a variety of conditions not relevant to the issues presently before the court. Simultaneously with the decision on the merger, the deputy insurance commissioner also confirmed the earlier ruling of the insurance commissioner denying each of the plaintiffs' applications to intervene in the proceedings, concluding that there was no evidence in the record that supported a finding that a "legal right, duty or privilege will be affected."
On April 2, 1996, pursuant to the deputy commissioner's decision, the Travelers acquired all the issued and outstanding common stock of the Aetna subsidiaries for approximately $4 billion in cash. The merger combines the property and casualty operations of the Travelers and the Aetna subsidiaries under a new holding company based in Hartford called Travelers/Aetna CT Page 7975 Property Casualty Corp.
The plaintiffs filed this appeal in this court on April 2, 1996. In their appeal, the plaintiffs raise a variety of procedural and substantive issues. In particular, the plaintiffs claim that the final decision was tainted by the participation of Insurance Commissioner George M. Reider, Jr., prior to his recusal; that the deputy commissioner should have begun new proceedings rather than continuing the original hearing; that the deputy commissioner should have granted the plaintiffs requests to intervene; and that the deputy commissioner's finding that the statutory requirements of General Statutes § 38a-132 were satisfied is contrary to the evidence.
The general issue raised by the defendants in their motions to dismiss the appeal is whether the various plaintiffs have sufficiently alleged and proved that they or any of them are legally aggrieved by the insurance department's decision approving the acquisition. General Statutes § 38a-139, the statute that authorizes appeals of the insurance department's decisions on mergers and acquisitions, provides in part, "Any person aggrieved (may appeal)." Pleading and proof of aggrievement are necessary, therefore, in order for a party to have standing to bring an appeal to the court. Unless a party can establish aggrievement, the court has no jurisdiction over the appeal and must dismiss it. The court's decision on this issue requires a review of the law of aggrievement in such appeals and an examination of the different claims of the various plaintiffs in this case.
Aggrievement
"The fundamental test for determining aggrievement encompasses a well settled two fold determination: first, the party claiming aggrievement must successfully demonstrate a specific personal and legal interest in the subject matter of the decision, as distinguished from a general interest, such as is the concern of all members of the community as a whole. Second, the party claiming aggrievement must successfully establish that the specific personal and legal interest has been specially and injuriously affected by the decision." (Citations and CT Page 7976 internal quotation marks omitted). Light Rigging Co. v.Dept. of Public Utility Control, 219 Conn. 168, 173,592 A.2d 1386 (1991).
Although "Aggrievement is established if there is a possibility, as distinguished from a certainty, that some legally protected interest . . . has been adversely affected," Id., a party's speculation that a loss will occur or "mere generalizations and fears are not sufficient to establish aggrievement." Nader v.Altermatt, 166 Conn. 43, 59 (1974).
Applying these general principles to the present case, in order for this court to have jurisdiction, at least one of the plaintiffs must show (1) that he or she has a specific personal interest in the subject matter of the insurance department's decision, an interest which is protected by law, and (2) that the decision approving the acquisition has or will possibly have an actual adverse effect on that personal, legally protected interest.
Plaintiff Employees
Plaintiffs Rettmann and Zimmitti, current and former employees of the parent Aetna or the Aetna subsidiaries, contend that they are aggrieved by the insurance department's decision because they claim they will lose their jobs if the merger is approved. Zimmitti concedes that he is not currently employed by Aetna, but claims that his pending petition for reinstatement will be in jeopardy if the acquisition is permitted.
In support of his claim of aggrievement, Rettmann has presented an affidavit to the court in which he states that several corporate executives have told him and others that hundreds of employees will be "outsourced" — laid off — as a result of the merger and that his job is one of those targeted. Zimmitti has also presented an affidavit, stating that he prevailed in a law suit in federal court in which Aetna was found to have illegally discriminated against him. He states that there is now pending in that court his petition to be reinstated as an employee. He states that his chances of being reinstated are diminished by the merger. CT Page 7977
The court has carefully examined the arguments and evidence submitted by the plaintiffs who are employees of the insurance companies and concludes that they have not and cannot establish that they are legally aggrieved by the department's decision. Although they have, in the court's opinion, shown that there is at least a reasonable possibility that they will lose their jobs as a result of the acquisition, they have not shown that they have any legal right to continued employment at the Aetna parent or at the Aetna subsidiaries.
As noted, legal aggrievement requires that an interest that is protected by law be adversely affected by the department's decision. None of the employee plaintiffs in this case, however, has demonstrated that he has an enforceable legal right not to be laid off, whether as a result of the acquisition or because of some other reason. In the absence of such a legal right not to be fired, these plaintiffs are "at will" employees, subject to dismissal at any time, with or without cause.Magnan v. Anaconda Industries, Inc., 193 Conn. 558, 568-572
(1984).
Since their continued employment at the Aetna parent or the Aetna subsidiaries is not a legally protected right, these plaintiffs have not satisfied the first prong of the aggrievement test; that is, they have not shown that they have "a specific personal and legal interest in the subject matter of the decision." They have not, therefore, established that they are legally aggrieved and their appeal of the department's decision must be dismissed.
Plaintiff Policyholders
Plaintiffs Wegele, Wenograd, Stanko, Cerritelli and Capitol Region Conference of Churches, appearing as current or former policyholders, argue that they are aggrieved as a result of the acquisition because they might have to obtain homeowner's or automobile insurance with a different insurer, with no guarantee of obtaining the same coverage for the same policy premium.
The evidence submitted in support of this claim of injury that might possibly result from the acquisition is CT Page 7978 sparse. Plaintiff Shannon Wegele presented her affidavit to the court in which she claims "The acquisition will cause a stable insurance company, Aetna, to be acquired by a less stable company, Travelers, thereby driving up insurance rates and availability and individually impacting and harming me. Further, the acquisition may jeopardize my claim." Affidavits containing the identical statements, except the one relating to a pending claim, have been presented by members of some of the plaintiff organizations. What's conspicuously missing, however, is any evidence that the Travelers is less "stable" than the Aetna parent or that, even if it were, the policyholders of the Aetna subsidiaries would experience an increase in their premium rates. In particular, there is no evidence that the Aetna subsidiaries will be any less stable as insurance companies once they become Travelers subsidiaries.
On the basis of the evidence and argument presented by the plaintiffs, the court concludes that they have shown no more than speculation and unsubstantiated fears that their existing insurance coverage may be jeopardized as a result of the acquisition approved in this case by the insurance department. Such generalized apprehensions concerning the effect of an insurance company merger on a policyholder's existing or future insurance coverage are not sufficient to establish legal aggrievement. NaderV. Altermatt, supra, 166 Conn. 58. Accordingly, the appeal of these plaintiffs must be dismissed.
 Plaintiff Shareholder
It is not clear from the allegations in the complaint on appeal or from the plaintiffs' memoranda of law that any of them are appealing the department's decision specifically in their capacity as shareholders of any of the insurance companies involved. Plaintiff Donald A. Rettmann, who also is an employee as noted above, however, states in his affidavit that he is a "stockholder of Aetna." Presumably, he means he is a stockholder of Aetna Life and Casualty Insurance Company, the parent company, not a stockholder of one of the Aetna subsidiaries, which were wholly owned by the Aetna parent prior to their acquisition by the Travelers. In any event, the court will briefly consider his appeal in that CT Page 7979 capacity.
Aside from the statement in his affidavit referred to above, plaintiff Rettmann submits no other evidence of aggrievement in his capacity as stockholder. In his memorandum of law objecting to the defendants' motion to dismiss, however, he asserts that Travelers "is a less stable insurance company than Aetna, supported by inadequate financing such as junk bonds, that its leaders are skimming profits at the expense of the company."
It seems obvious that plaintiff Rettmann has demonstrated no present or possible future harm to his personal and legal interest in the acquisition as an Aetna shareholder. Unlike the transaction in the Nader v.Altermatt case, supra, the acquisition agreement in this case called for Rettmann's company, the Aetna parent, to receive cash for the sale, not shares of stock in the Travelers. Therefore, the alleged mismanagement of the Travelers and its purported instability, even if true, would have no injurious effect on the Aetna parent or its shareholders. For that reason, the court concludes that plaintiff Rettmann is not aggrieved, as a shareholder of the Aetna parent, by the decision of the insurance department in this case.
Plaintiff Organizations
The plaintiff organizations — Capitol Region Conference of Churches, Connecticut Citizens Action Group, Citizens for Economic Opportunity, United Auto Workers, and the AFL-CIO — assert that they represent other policyholders and employees of the insurance companies involved in the acquisition.
The rule in Connecticut is that "an association has standing to bring suit on behalf of its members when . . . its members would otherwise have standing to sue in their own right. . . ." State Medical Society v. Board ofExaminers in Podiatry, 203 Conn. 295, 304 (1987). None of these organizations has presented any evidence of aggrievement concerning their members that differs in any material respect from that which the court has considered in connection with the individual appeals, above. The court finds that the organizations are not aggrieved, CT Page 7980 therefore, to the extent that their appeals are based on the interests of their policyholder and employee members.
Finally, there is an assertion that some members of the organizations are lessors in the Hartford area and their interests might be affected by changes in the occupancy rates that might result from the acquisition. There is no evidence before the court, however, that would elevate this assertion above the level of speculation and it affords no basis for aggrievement.
For all of the reasons set forth above, the court holds that none of the plaintiffs has established that he or she is legally aggrieved by the decision of the defendant insurance department. Accordingly, the court lacks jurisdiction to consider them.
The plaintiffs appeals are dismissed.
MALONEY, J.